IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:14-CV-00292-GCM

| | |
|---|---|
| **ELECTRIC GUARD DOG, LLC**, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>**FENCE HAWK, INC.**, a Florida Corporation, **FENCE GUARDIAN, INC.**, a Florida Corporation, and **INTELLIGENT FENCING SYSTEMS, INC.**, a Florida Corporation,<br><br>Defendants. | **ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

Upon consideration of Plaintiff Amarok, LLC's ("Amarok") (formerly known as Electric Guard Dog, LLC) Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"), this Court finds as follows:

1. This Court previously entered in this matter a January 7, 2015 Consent Injunction and Final Judgment [Dkt. #26] (the "Consent Injunction").

2. Plaintiff alleges and the Court finds that Dale R. Barnes ("Barnes") with Electric Fence Monitor, LLC ("EFM") has threatened continued, future violations of the Consent Injunction and promises to violate the Consent Injunction on January 31, 2025.

3. Namely, Barnes claims that he has collected information about Amarok that would harm Amarok's business operations and has committed to send, or have others send, a packet containing this false and harmful information. In his January 10, 2025 email to

1

Plaintiff's counsel, Barnes admits to having already distributed this false and harmful information to at least two people.

4. Plaintiff contends and the Court finds that a temporary restraining order is essential. Barnes' planned conduct in concert with EFM and others would violate the Consent Injunction and irreparably and incalculably injure Plaintiff's business. Failure to restrict and enjoin that conduct would contravene public interest. Moreover, so restraining and enjoining Barnes, EFM, and anyone acting in concert with them from committing his intended harm would impose no further duty on nor cause any additional damage to Barnes, who is already bound by the Consent Injunction. Indeed, this Court, on September 12, 2022, ruled that the Consent Injunction binds Barnes and EFM and held them in contempt for previously violating it.

5. Having considered the Motion, its accompanying exhibits, and Plaintiff's arguments supporting its Motion, the Court finds that Plaintiff Amarok has demonstrated a likelihood of success on the merits of its claims against Defendants, and that the relief requested in the Motion is necessary and appropriate to prevent irreparable and continuing harm to Amarok and for the protection of Amarok's rights.

**WHEREFORE, IT IS HEREBY ORDERED** that:

Plaintiff's Motion for a Temporary Restraining Order is GRANTED. Defendants, Barnes, EFM, and anyone acting in concert with them with actual or constructive knowledge of this Order, **BE AND HEREBY ARE** enjoined and restrained from performing any conduct that would violate the Consent Injunction, including, without

limitation, Barnes' and EFM's expressed plan to send, or have others send, false and harmful information about Amarok on or before January 31, 2025.

**IT IS FURTHER ORDERED** that Amarok pay a bond in the sum of One Thousand Dollars and Zero Cents, $1,000.00, conditioned to pay any costs awarded against Amarok and any damages which may be incurred or sustained by Barnes, EFM, Defendants and anyone acting in concert with them by reason of this restraining order, should the same hereafter be dissolved on the ground that defendants wrongfully were enjoined or restrained herein; and that Amarok, having entered into such bond, this restraining order shall take effect forthwith;

**IT IS FURTHER ORDERED** that the hearing on Amarok's motion for preliminary injunction is scheduled for January 22, 2025, at 11:00 a.m. in Courtroom 8 of the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, N.C.

**IT IS FURTHER ORDERED** that this Order shall remain in effect until the hearing on the motion for preliminary injunction, unless otherwise extended by the consent of the parties or order from this Court; and

**IT IS FURTHER ORDERED** that a copy of this restraining order, in addition to or in lieu of other notice under the Federal Rules of Civil Procedure, may be served upon Defendants, Barnes, and EFM by email at drbarnes@intelligentfencing.com and drbarnes@electricfencemonitor.com.

**SO ORDERED** this the 16th day of January, 2025.

Signed: January 16, 2025

Graham C. Mullen
United States District Judge