IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:14-CV-00292-GCM

| | |
|---|---|
| **ELECTRIC GUARD DOG, LLC,** a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>**FENCE HAWK, INC.,** a Florida Corporation, **FENCE GUARDIAN, INC.,** a Florida Corporation, and **INTELLIGENT FENCING SYSTEMS, INC.,** a Florida Corporation,<br><br>Defendants. | **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Upon consideration of Plaintiff Amarok, LLC's ("Amarok") (formerly known as Electric Guard Dog, LLC) Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"), this Court finds as follows:

1. The Court previously entered, in this matter, a January 7, 2015, Consent Injunction and Final Judgment [Dkt. #26] (the "Consent Injunction").

2. On September 12, 2022, the Court found that the Consent Injunction binds Barnes and EFM and held them in contempt for having violated it.

3. Dale R. Barnes ("Barnes") with Electric Fence Monitor, LLC ("EFM") has threatened continued, future violations of the Consent Injunction and promises to violate the Consent Injunction on January 31, 2025.

1

4. Namely, Barnes claims that he has collected information about Amarok that would harm Amarok's business operations and has committed to send, or have others send, a packet containing this false and harmful information. Indeed, Barnes, in his January 10, 2025, email to Plaintiff's counsel, admits to having distributed already this false and harmful information to at least two people.

5. On January 16, 2025, this Court granted Plaintiff's Motion for Temporary Restraining Order. [Dkt. 47]. In its Order, this Court found that:

    a. A temporary restraining order was essential;

    b. Barnes' planned conduct in concert with EFM and others would violate the Consent Injunction and irreparably and incalculably injure Plaintiff's business;

    c. Failure to restrict and enjoin that conduct would contravene public interest; and

    d. Restraining and enjoining Barnes, EFM, and anyone acting in concert with them, from committing the intended harm would neither impose a further duty on nor cause any additional damage to Barnes, who is already bound by the Consent Injunction.

6. Also on January 16, 2025, Plaintiff's counsel served the Order upon Defendants pursuant to the Order's directions. [Dkt. 49].

7. On January 29, 2025, this Court heard the arguments of the parties in attendance regarding Plaintiff's Motion for Preliminary Injunction. Barnes was neither present nor represented by counsel.

8. Now, having considered the Motion, its accompanying exhibits, and the arguments pertaining to the Motion, the Court finds that Plaintiff Amarok has demonstrated a likelihood of success on the merits of its claims against Defendants, that Amarok is likely to suffer immediate harm from Barnes' planned actions, that the balance of equities weighs in Amarok's favor, and that a preliminary injunction is in the public interest.

**WHEREFORE, IT IS HEREBY ORDERED** that:

Defendants, Barnes, EFM, and anyone acting in concert with them, with actual or constructive knowledge of this Order, **BE AND HEREBY ARE** further enjoined and restrained from performing any conduct that would violate the Consent Injunction, including, without limitation, Barnes' and EFM's expressed plan to send, or have others send, false and harmful information about Amarok on or before January 31, 2025.

**IT IS FURTHER ORDERED** that the bond in the sum of One Thousand Dollars and Zero Cents ($1,000.00) that Amarok posted in connection with the temporary restraining order in this matter shall be sufficient for purposes of the issuance of this preliminary injunction and will stay in place.

**IT IS FURTHER ORDERED** that this Order shall remain effective until the conclusion of civil contempt proceedings currently pending in this Court against Barnes, EFM, and the Defendants, unless otherwise extended by the consent of the parties or order from this Court; and

**IT IS FURTHER ORDERED** that a copy of this preliminary injunction order may be served by email upon Defendants, Barnes, and EFM, at

drbarnes@intelligentfencing.com and drbarnes@electricfencemonitor.com, in addition to or in lieu of other notice under the Federal Rules of Civil Procedure.

**SO ORDERED** this the 30th day of January, 2025.

Signed: January 30, 2025

Graham C. Mullen
United States District Judge